[Civ. No. 4633. Third Appellate District.—August 17, 1933.]

HERBERT S. BEEKS, Respondent, v. W. ROSS CAMPBELL COMPANY, Appellant.

Roy V. Rhodes for Appellant.

Chandler, Wright & Ward and Chandler P. Ward for Respondent.

KING, J., *pro tem.*—This is an action by a real estate salesman against his broker-employer for one-half of the commission paid the employer on the sale of real property. Plaintiff had judgment and defendant appeals.

The defendant W. Ross Campbell Company is a large concern engaged in handling real estate in Los Angeles, employing some thirty-five or forty salesmen. Plaintiff was one of these salesmen, employed under a written contract originally dated December 4, 1922, and reciting that his remuneration shall consist entirely of commissions, and that on sales "personally closed by Beeks" after certain deductions he "shall receive fifty per cent of the gross commissions, the balance to go to W. Ross Campbell Company".

The defendant had for sale what is referred to as the "Stith Property" situate on South Hope Street in Los Angeles.

This property was sold for $264,000, a deposit of $5,000, represented by a check of Lee A. Phillips being received by Mr. McCourt, vice-president of the defendant corporation, dated August 17, 1925. The "Sales Deposit Receipt" was dated August 19, 1925, G. M. Anderson being named as the purchaser. Later the deed was executed to G. M. Anderson, who was secretary for Lee A. Phillips. She eventually conveyed to Pioneer Securities Company, a corporation controlled by and used for Phillips.

The W. Ross Campbell Company had a custom whereby a salesman endeavoring to make a sale would obtain the assistance of an executive of the company in closing a deal, and in such a case the salesman still was entitled to the commission. Plaintiff claims that this was such a case, and that he consulted Mr. McCourt in regard to contacting Mr. Phillips; that McCourt, as a result of this consultation, phoned to the office of Mr. Phillips and made an appointment and told Beeks that he had the appointment, but preferred to talk to Mr. Phillips along general lines first, and would make an appointment for Beeks to see Phillips the following day; that later that day Mr. McCourt told Beeks that he had put the property up to Mr. Phillips, but that Phillips was not interested, and that he, McCourt, had interested a woman in the property; that at a sales meeting of the W. Ross Campbell Company on August 19th (his consultation with McCourt having been on August 17th), Mr. McCourt an-

nounced to the sales organization that the property had been sold. Beeks asked to whom the sale was made and McCourt told him it was sold to a woman. This woman to whom the conveyance was made was G. M. Anderson, a secretary of Mr. Phillips.

Plaintiffs had judgment in the lower court and defendant appeals.

Appellant makes seven points:

First, that the action is based on a written contract which is clear and unambiguous in its terms, and parol evidence is not admissible to vary the terms thereof, especially in the absence of appropriate pleading.

The other six "points" respectively attack findings I, III, IV, V, VI and VII, alleging that each of said findings respectively is "not supported by the evidence and is not responsible to the issues joined by the pleadings".

The first count of the complaint is for the reasonable value of services, but upon this no evidence was offered. The second count is for money had and received and the third pleads the employment of plaintiff by defendant; that plaintiff was to receive half the commission received by defendant upon a sale of any property made by defendant by or through the efforts of plaintiff; that plaintiff should have the exclusive right to the half of a commission "on any sale made to any purchaser listed by plaintiff with defendant as one of plaintiff's prospects, provided that no other salesman of defendant had, within fifteen days prior to such listing, listed the same prospect for the purchase or sale of the same property". It is then alleged that the Stith property had been listed by its owner with defendant; that plaintiff had collected the data necessary regarding the property and determined to try to sell it to Lee A. Phillips, and on August 13, 1925, plaintiff listed Phillips as a prospective purchaser; that on this last-mentioned date plaintiff tried to contact Phillips, calling at Phillips' office; that on August 17th, plaintiff reported to Robert L. McCourt his inability to contact Phillips and asked McCourt's co-operation in meeting Phillips and making the sale; that McCourt agreed to do this, interviewed Phillips, and made an agreement of sale for the Stith property; that McCourt reported to plaintiff that Phillips was not interested in the property and that McCourt

had sold it to a woman; on plaintiff's demanding half the commission defendant refused.

Defendant strenuously objects to any evidence of a custom or practice in the office of defendant such as before stated, but the court received the evidence and found that such a custom existed and was practiced in the office of the defendant.

■ As to the first "point" raised by appellant, it appears to us that under the pleadings the evidence· of the custom of defendant's office was admissible as showing a subsequent oral supplement to the original written contract and the making of new promises and arrangements added to the written contract. In such view of the case, it follows that the point is not well taken.

■ The six other points or objections are objections to the findings of the court, and in view of our holding that this evidence of the custom and practice in the office of the defendant was properly admitted, the holding must be that the findings have ample support in the evidence, and are responsive to the issues joined by the pleadings.

Plaintiff is fairly entitled to the judgment as rendered by the trial court. The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.